UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Labon DeCarlo Gray, | ) | C/A No.  3:08-2543-HFF-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| | ) | |
| Lancaster County Sheriff's Dept., LCSO, Drug | ) | |
| Task Force; Capt. Bailey; Lt. McLemore, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Labon DeCarlo Gray (Plaintiff) files this civil action *pro se* and pursuant to 28 U.S.C. § 1915.[1]  Plaintiff challenges his June 17, 2008 arrest by the defendants and the medical treatment he received from the defendant Lancaster County Sheriff's Dept. (LCSD).  Plaintiff seeks damages and injunctive relief.  This complaint should be dismissed because it fails to state a claim cognizable in this Court.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys,

---

[1]Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

This complaint has been filed pursuant to 28 U.S.C. § 1915 which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Id.* at 32. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

2

## Discussion

Plaintiff brings this action against the defendants as a result of Plaintiff's arrest on June 17, 2008. Plaintiff alleges that "[h]e was charged of said warrants . . . in violation of His Amendment Rights, wrongfully jailed, [in] violation of due Process Rights; Complete Violation(s) of the United States Code of Laws of South Carolina Annotated." (Compl. at 2.)

To state a claim for false arrest, Plaintiff must claim an arrest made without an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."); *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996) (a public official cannot be charged with false arrest when he makes the arrest pursuant to a facially valid warrant). Plaintiff states that he was charged by warrants and wrongfully jailed. (Compl. at 2.) Plaintiff doesn't claim the arrest warrants were not facially valid. In fact, Plaintiff does not allege any defects in the arrest warrants. He simply states that he was wrongfully jailed. Because warrants were obtained for Plaintiff's arrest, Plaintiff fails to state a claim for false arrest, and the claim should be dismissed.[2]

Plaintiff brings this action against defendant LCSD alleging that Plaintiff was denied his medications on June 17, 2008, while he was being detained prior to posting bond. Civil rights of inmates are violated when prison officials display "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The standard of medical care given to pre-trial

---

[2] To the extent that Plaintiff's allegations that the defendants "wrongfully jailed" (Compl. at 2) him could be construed as a malicious prosecution claim, they also fail. The complaint would then be subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

detainees is governed by the due process clause of the Fourteenth Amendment rather than the Eight Amendment's prohibition against cruel and unusual punishment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239 (1983); *see Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). However, the inquiry as to whether a pre-trial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eight Amendment. *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (citing *Estelle v Gamble*, 429 U.S. at 97). "Pre-trial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainee's rights to due process whey they are deliberately indifferent to serious medical needs. *Gordon v. Kidd*, 971 F.2d 1087, 1094 (4th Cir. 1992) (citation omitted).

In *Estelle v. Gamble*, 429 U.S. at 97, the Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citation omitted). Even though the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994) (collecting cases).

The Supreme Court has distinguished deliberate indifference to serious medical needs of prisoners from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Cruel and Unusual Punishments Clause. *Estelle v. Gamble*, 429 U.S. at 105-06. Negligent or incorrect medical treatment is not actionable under § 1983. *Id.* at 106. Negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly*

4

*v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").

In this case, Plaintiff alleges that he suffers from congestive heart failure and that defendant LCSD refused to give Plaintiff his medication on the date of his arrest, June 17, 2008, and placed him in a cold cell with only a thin blanket. (Compl. at 2 & 3.)  However, Plaintiff states that he was given his medication on the morning of June 18, 2008.  (Compl. at 2.)  Plaintiff does not allege facts to support deliberate indifference to his serious medical needs.  Rather, at most, he alleges facts in support of negligence -  a state law cause of action.  Therefore, Plaintiff has failed to state a claim cognizable in this Court.

In this complaint, Plaintiff states various requests for injunctive relief, including a request that this Court dismiss the charges against him.  (Compl. at 6.)  A federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances.  The Supreme Court held in *Younger v. Harris*, 401 U.S. 37 (1996), that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances."  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996); *see Younger v. Harris*, 401 U.S. at 37.  The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43-44.  From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

5

In this case, Plaintiff is clearly involved in an ongoing state criminal proceeding. The second criteria has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criteria by noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d at 903 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Therefore, Plaintiff is not entitled to the injunctive relief he seeks.

## <u>Recommendation</u>

Plaintiff's § 1983 complaint should be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, it is recommended that the District Court dismiss the complaint in the above captioned case *without prejudice* and without issuance and service of process.

s/Joseph R. McCrory
United States Magistrate Judge

July 25, 2008
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).