

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| LABON DECARLO GRAY, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:08-2543-HFF-JRM |
| | § | |
| LANCASTER COUNTY SHERIFF'S DEPT, | § | |
| CAPT BAILEY, and LT MCLEMORE | § | |
| | § | |
| Defendants. | § | |

ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the complaint be dismissed for failure to state a claim on which relief may be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 25, 2008, and the Clerk of Court entered Plaintiff's objections to the Report on August 8, 2008.

In his objections to the Magistrate Judge's Report and in his motion to amend and reconsider, Plaintiff attempts to supplement his original complaint with additional information in an effort to state a claim for which relief can be granted. Specifically, Plaintiff insists that his arrest was made without a warrant and his car was searched without a warrant. (Pl.'s Mot. to Amend 1.) However, he goes on to undermine this argument by declaring that the warrants were defective and by providing copies of those warrants. (Pl.'s Mot. to Amend 1.) Plaintiff also provides more details to support his other allegations, including medical records to support his claim that he has congestive heart failure. (Pl.'s Objections 22.)

Having carefully reviewed the Plaintiffs objections, the Court finds them to be without merit. As the Magistrate Judge pointed out, the *Younger* doctrine prevents the Court from interfering with pending state criminal proceedings absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 53 (1971) ("[W]e hold that the *Dombrowski* decision should not be regarded as having upset the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions."). Such extraordinary circumstances have been found to exist where the state prosecution was brought solely to harass the defendant, *Dombrowski v. Pfister*, 380 U.S. 479 (1965), and where the federal defenses cannot be raised in the state proceeding, *Gerstein v. Pugh*, 420 U.S. 103 (1975). However, neither of those exceptions apply in this case. Plaintiff is free to raise any constitutional challenges to his arrest in state court. Because all of Plaintiff's objections raise issues that can be addressed in state court or

issues that have been adequately addressed by the Magistrate Judge, Plaintiff's objections are without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the complaint be **DISMISSED** for failure to state a claim on which relief may be granted. This dismissal is *without prejudice* and without issuance of service of process.

**IT IS SO ORDERED**.

Signed this 29th day of September, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.